FILED

09/28/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0121

DA 21-0121

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 248N

KENNETH WALUND,

      Plaintiff and Appellant,

  v.

MONTANA STATE FUND,

      Defendant and Appellee.

APPEAL FROM:    Montana Workers' Compensation Court, WCC No. 2020-5105
                     Honorable David M. Sandler, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Bernard J. (Ben) Everett, Everett Cook Law, Anaconda, Montana

      For Appellee:

           Charles G. Adams, Special Assistant Attorney General, Montana State
           Fund, Helena, Montana

                           Submitted on Briefs:  September 1, 2021

                                   Decided:  September 28, 2021

Filed:

                                   _____
                                            Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kenneth Walund (Walund) appeals from the Montana Workers' Compensation Court (WCC) Order denying Walund's motion for summary judgment and granting Montana State Fund's (State Fund) cross-motion for summary judgment as to Walund's claim that he sustained two on-the-job injuries that aggravated his preexisting peripheral neuropathy condition. We affirm.

¶3 Walund first sought treatment for what was later diagnosed as idiopathic polyneuropathy in the early 2000s. From October 2017 to September 2019, Walund's progressive symptoms required continuous modification of chronic pain medications.

¶4 On September 26, 2019, while employed as a criminal investigator for the Montana Department of Justice, Walund sat in a truck for over nine hours while conducting surveillance, after which he experienced severe pain in both of his legs and was unable to walk. The severe pain subsided after several days, but Walund continued to experience throbbing pain in his legs. On January 30, 2020, Walund experienced intense foot pain while driving from Butte to Billings for a training. Walund stated his pain continued until March 2, 2020. Walund contends the pain in his legs and feet has not subsided to the baseline level he experienced prior to the September 2019 incident.

¶5 In April 2020, Walund medically retired from his position as a criminal investigator due to the symptoms from his neuropathy. In June 2020, Walund filed a workers' compensation claim, asserting permanent disability caused by the September 2019 and January 2020 incidents. State Fund denied liability.

¶6 On May 28, 2020, Walund's treating neurologist, Richard Popwell, M.D., responded to a letter from State Fund regarding Walund's condition. Dr. Popwell wrote that Walund had "returned to baseline symptoms," and that Walund had suffered temporary exacerbations of his neuropathy.

¶7 On July 9, 2020, Dr. Popwell wrote to Walund to clarify his statement that Walund had returned to baseline symptoms. Dr. Popwell clarified that he did not mean that Walund's condition had returned to where it was before September 26, 2019, because Walund's condition is "chronically progressive." Dr. Popwell wrote:

> When I responded that you had returned to your pre-exacerbation baseline, such should not have been interpreted that baseline was static, especially not in the setting of a progressive painful polyneuropathy. Please accept this letter as confirmation that it is my medical opinion that your condition is chronically progressive and at some time shortly after your initial exacerbation on 9/26/2019, your related symptoms worsened to the extent that you were rendered incapable of performing your routine, work-related duties. As we have previously discussed, you[r] condition is considered permanent and unfortunately anticipated to continue it's [sic] progressive course in the future.

¶8 Dr. Popwell was deposed on August 20, 2020. He was asked whether anything presently in the progression of Walund's neuropathy was due to the two on-the-job incidents upon which Walund based his workers' compensation claim. Dr. Popwell responded:

3

> [The on-the-job incidents] wouldn't cause any progression of the illness. The illness is going to progress irrespective of what Mr. Walund is doing. The [incidents] and the degree of his discomfort are clearly related to some of the work-related duties that Mr. Walund had to do. It was timely. It was a temporal association.

In concluding his testimony, Dr. Popwell was asked specifically whether either of the incidents changed Walund's underlying neuropathy. Dr. Popwell replied: "No, it would not change the long-term course of that medical problem."

¶9      In its briefing on the cross-motions for summary judgment, State Fund stipulated to treat the two incidents "as temporary aggravations and [] pay the limited bills from Dr. Popwell associated with the initial visits after each of the incidents in question." State Fund clarified, though, that "[i]t in no way acknowledges compensable injuries beyond the temporary aggravations that may be in play."

¶10     The WCC granted summary judgment to State Fund, holding that Walund failed to present objective medical evidence that his work injuries permanently aggravated his preexisting sensory peripheral neuropathy.

¶11     We review summary judgment rulings de novo, applying the standards set forth in M. R. Civ. P. 56(c)(3). *Bird v. Cascade County*, 2016 MT 345, ¶ 9, 386 Mont. 69, 386 P.3d 602. Summary judgment is appropriate when the moving party demonstrates both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Bird*, ¶ 9. Once the moving party has met its burden, the opposing party must present material and substantial evidence, rather than mere conclusory or speculative statements, to raise a genuine issue of material fact. *McConkey v. Flathead Elec. Coop.*, 2005 MT 334, ¶ 19, 330 Mont. 48, 125 P.3d 1121.

4

¶12 Under Montana's Workers' Compensation Act, insurers are liable to compensate an employee of an employer covered under a designated plan who sustains "an injury arising out of and in the course of employment." *Ford v. Sentry Cas. Co.*, 2012 MT 156, ¶ 36, 365 Mont. 405, 282 P.3d 687; § 39-71-407(1), MCA (1995-present). The claimant bears the burden of proving by a preponderance of the evidence that he is entitled to the workers' compensation benefits sought. *Ford*, ¶ 34 (citing *Simms v. State Compen. Ins. Fund*, 2005 MT 175, ¶ 13, 327 Mont. 511, 116 P.3d 773). The claimant must establish that it is "more probable than not" that (i) a claimed injury has occurred or (ii) a claimed injury aggravated a preexisting condition. *Ford*, ¶ 36; § 39-71-407(3)(a), MCA. This includes establishing a "causal connection" between his injury and the right to benefits. *Ford*, ¶ 34.

¶13 It is a "long standing rule that employers take their workers as they find them, with all their underlying ailments, and that a traumatic event or unusual strain which lights up, accelerates, or aggravates an underlying condition is compensable." *Lanes v. Mont. State Fund*, 2008 MT 306, ¶ 36, 346 Mont. 10, 192 P.3d 1145 (citations omitted). However, if an incident is "only a temporary aggravation of the claimant's pre-existing condition" and not the cause of the present disability, "the insurer . . . [is] liable only for benefits reasonably related to the temporary aggravation of [the] claimant's condition." *Eastman Transp. Ins. Co.*, 255 Mont. 262, 269, 843 P.2d 300, 303 (1992).

¶14 Walund argues that the two work incidents in September 2019 and January 2020 permanently aggravated his preexisting sensory peripheral neuropathy, causing him to be unable to perform the routine duties of his job. Relying on Dr. Popwell's opinions,

State Fund asserts that, at most, the two work-related incidents may have caused temporary aggravations of Walund's preexisting condition, for which it has accepted liability.

¶15 Dr. Popwell opined in his May 28, 2020 response to State Fund that Walund had "returned to baseline symptoms," and had suffered temporary exacerbations of his neuropathy. Then, in his final word on the matter during his deposition, Dr. Popwell testified that although the degree of Walund's discomfort was temporally related to his work, the two on-the-job incidents did not cause any progression of his neuropathy, nor affect its long-term course. Because Walund did not provide a medical opinion that his on-the-job incidents permanently aggravated his neuropathy, the undisputed material facts establish the on-the-job incidents did not cause anything more than temporary aggravations, for which State Fund has accepted liability. State Fund's liability does not extend beyond benefits related to these temporary aggravations.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The WCC did not err by denying Walund's motion for summary judgment and granting summary judgment in favor of State Fund. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR

6